UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON SMITH,
    Plaintiff,

v.

LAW OFFICES OF AARON D. COX, PLLC
    Defendant.

_____

## COMPLAINT AND JURY DEMAND

NOW COMES the PLAINTIFF, JASON SMITH, by and through his counsel, and for his Complaint pleads as follows:

### JURISDICTION

1. This is an action for damages brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

### VENUE

2. The transactions and occurrences which gave rise to this action occurred in Warren, Michigan.

3. Further, Defendant's principal place of business is in Taylor, Michigan.

4. Venue is proper in the Eastern District of Michigan, Southern Division.

## PARTIES

4.     Plaintiff is a natural person residing in Arlington, Ohio.

5.     Defendant is a professional limited liability company that maintains its principal place of business in Taylor, Michigan.

## GENERAL ALLEGATIONS

6.     Defendant attempted to collect a consumer debt in the amount of $7,364.74 allegedly owed by Plaintiff to Cross Road Pines Apartments, LLC ("the alleged debt").

7.     The account reflected by the alleged debt does not belong to Plaintiff.

8.     Plaintiff either is a victim of identity theft and/or the alleged debt belongs to someone named "Jason Smith" other than Plaintiff.

9.     On or about February 8, 2024, Defendant filed an action in the 37th District Court in Warren, Michigan ("the state court action") on behalf of its client, Cross Road Pines Apartments, LLC ("CRPA") and against Plaintiff to collect the alleged debt.

10.    After Plaintiff filed its answer denying the allegations in the state court action, Defendant filed a motion for summary disposition on behalf of its client.

11.    In the motion for summary disposition, Defendant mispresented that Plaintiff owed the alleged debt to CRPA.

2

12.     The motion for summary disposition remains pending in the 37th District Court as of the filing of the above-captioned action.

13.     As a result of Defendant's actions to collect the debt that Plaintiff did not owe and Defendant's misrepresentations, Plaintiff suffered pecuniary and emotional damages.  Plaintiff was forced to hire an attorney to defend the state court action and Plaintiff experienced stress, anxiety, nervousness, frustration, embarrassment, and humiliation, along with other forms of emotional distress. Plaintiff's emotional distress resulted in Plaintiff suffering from loss of sleep and headaches, among other physical symptoms.

### COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

14.     Plaintiff reincorporates the preceding allegations by reference.

15.     At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

16.     Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

17.     Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

18.     Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

a. 15 U.S.C. §1692e by using false and deceptive means to collect a debt, including misrepresenting that Plaintiff owes the alleged debt.

b. 15 U.S.C. §1692f by using unfair or unconscionable means to collect a debt, including collecting any amount not legally permitted by law by attempting to collect a debt that does not belong to Plaintiff.

19. Plaintiff has suffered harm and damage at the hands of Defendant as this harm was one that was specifically identified and intended to be protected against on behalf of a consumer, such as Plaintiff, by Congress.

20. To date, and as a direct and proximate cause of Defendant's failure to honor its statutory obligations under the FDCPA, Plaintiff has suffered economic, emotional, general and statutory damages.

WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT grant him damages plus costs, interest and attorneys' fees as provided by the Fair Debt Collection Practices Act.

**COUNT II – VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE**

21. Plaintiff incorporates the preceding allegations by reference.

22. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

23. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

4

24.     Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

a.     MCL §339.915(e) by making inaccurate, misleading, untrue, or deceptive claim in a communication to collect a debt.

b.     MCL §339.915(f) by misrepresenting the legal rights of the alleged creditor and alleged debtor by misrepresenting that Plaintiff owed the alleged debt.

c.     MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

25.     Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

26.     These violations of the Michigan Occupational Code were willful.

WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT grant him damages plus costs, interest and attorneys' fees as provided by the Michigan Occupational Code.

## COUNT III – VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

27.     Plaintiff incorporates the preceding allegations by reference.

28.     Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

29.     Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

5

30.     Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

a.     MCL §445.252(e) by making inaccurate, misleading, untrue, or deceptive claim in a communication to collect a debt.

b.     MCL §445.252(f) by misrepresenting the legal rights of the alleged creditor and alleged debtor by misrepresenting that Plaintiff owed the alleged debt.

c.     MCL §445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

31.     Plaintiff has suffered damages as a result of these violations of the MCPA.

32.     These violations of the MCPA were willful.

WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT grant him damages plus costs, interest and attorneys' fees as provided by the Michigan Collection Practices Act.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

a.     Actual damages;

b.     Statutory damages

c.      Trebled damages under the MOC and/or MCPA; and

d.      Statutory costs and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

Dated: April 8, 2024

/s/ Carl Schwartz
CARL SCHWARTZ (P70335)
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
39111 Six Mile Road, Suite 142
Livonia, MI 48152
(248) 353-2882
Fax (248) 353-4840
Email – carl@crlam.com

7